**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|                         **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. M-19-CV-105** |
| ) | |
| **COLT M2 RIFLE, .50 CAL., SN: 113725,** ) | |
|                         **Respondent.** ) | |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff United States of America, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

**I.    NATURE OF THE ACTION**

1. This action is brought by the United States seeking forfeiture to the United States of the following property:

**COLT M2 RIFLE, .50 CAL., SN: 113725**

(hereinafter referred to as the "Respondent Firearm").

**II.    STATUTORY BASIS FOR FORFEITURE**

2. This is a civil forfeiture action *in rem* brought against the Respondent Firearm for violations of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A) which state:

> **§ 922. Unlawful acts**
> **(a)** It shall be unlawful—
> > (6) for any person in connection with the acquisition or attempted acquisition of any firearm…from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to

> deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter…
>
> **§ 924. Penalties**
> **(a)(1)** Except as otherwise provided in this subsection…whoever—
>
> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;

and subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), which states in pertinent part:

> **Title 18 U.S.C. § 924.**
> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of . . . section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture under the provisions of this chapter. . . .

### III. JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Firearm under 28 U.S.C. §§ 1355(b) and 1395.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and because the Respondent Firearm is found in this District. *See also* 28 U.S.C. § 1395(b).

5. The Respondent Firearm was seized on June 11, 2018, by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Respondent Firearm has remained in the custody of the ATF within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.     FACTS IN SUPPORT OF FORFEITURE

6.     In May 2018, ATF began an investigation into an email request by Ramon Galindo (Galindo), a resident of Odessa, to purchase a Colt M2 .50 caliber rifle from AZFirearms / Pot of Gold Estate Liquidations, LLC (AZFirearms), a Federal Firearms Licensee (FFL) in Avondale, Arizona.  The Phoenix ATF office contacted the ATF Lubbock Field Office regarding the purchase of the Respondent Firearm.

7.     On May 17, 2018, an unidentified male called AZFirearms to inquire about an Ohio Ordnance Works M240-SLR Belt Fed Rifle.  The AZFirearms employee who answered the call remembered that the caller had a heavy Spanish accent that was difficult to understand.

8.     Shortly after the call, AZFirearms received an email from Galindo requesting a "*sales mail for make a order*" and listed his phone number as 432-888-XXXX; AZFirearm responded to the email.  Galindo's email stated that he wanted to purchase the Colt M2 50 that "*my dad call u yesterday*."  In the emails exchanged between AZFirearms and Galindo, the exact firearm was noted and the price of the firearm was set at $14,999.95.   AZFirearms instructed Galindo to send the funds by cashier's check or money order to their address and advised Galindo that AZFirearms would ship the Respondent Firearm to a licensed dealer in Galindo's state of residence once the funds had cleared the bank.

9.     On May 18, 2018, Galindo inquired by email and asked AZFirearms how to fill out the money order.  AZFirearms stated that the money order should be made payable to AZFirearms and requested that Galindo send a copy of his driver's license with the payment. Galindo asked if an identification card was acceptable and AZFirearms stated that it was.

10.    On May 24, 2018, AZFirearms received a Priority Mail Express package containing 27 money orders totaling $15,000, as payment for the Respondent Firearm, along

with the requested copy of Galindo's Texas Identification Card. The identification card listed Galindo's residence as 531 W Mable St, Odessa, Texas; however, the return address on the package was 11030 W. University Blvd., Trailer B. All the money orders listed Ramon Galindo as the purchaser and included 531 W. Mable St., Odessa, Texas as his address.

11. The money orders were issued by Western Union (12 money orders) and Alon Financial Services (15 money orders). Of the 27 money orders, 20 money order were purchased on May 21, 2018 and 7 were purchased on May 22, 2018. *See* Exhibit A.

12. On June 6, 2018, AZFirearms shipped the Respondent Firearm to Odessa Camera, a FFL in Odessa, Texas; the Respondent Firearm was received on June 9, 2018. On June 11, 2018, employees at Odessa Camera called Galindo to let him know that the firearm had arrived but there was no answer and they could not leave a message because the voice mail was not set up. Both AZFirearms and Odessa Camera sent emails to Galindo and advised him that the firearm was in Odessa. On June 11, 2018, as part of the investigation ATF established surveillance outside at Odessa Camera and also utilized agents inside in an undercover capacity.

13. At approximately 1:25 pm, a red 2006 Dodge Ram pulled into the parking lot of Odessa Camera. Agents were able to identify Galindo as the front seat passenger; the driver was (later identified as) Robin Jasso (Jasso). Galindo and Jasso went inside the store and approached the counter asking if any of the employees could speak Spanish. One of the employees stated that they did speak a little Spanish. Galindo stated that he was there to pick up a firearm but could not describe the exact firearm.

14. Galindo was provided an ATF Form 4473 to fill out for the purchase of the Respondent Firearm; upon receipt of the form, Galindo asked for assistance in filling it out. The employee advised Galindo that they are not allowed to assist. As an undercover ATF Task Force

Officer watched, it appeared to the ATF Task Force Officer that Jasso was assisting Galindo in filling out the Form 4473. Galindo completed the form and gave it to the Odessa Camera employee who went to the back to conduct the NICS (National Instant Criminal Background Check System) inquiry. Upon review of the Form 4473, several mistakes were noted as the month and year on the date of birth for Galindo had been scratched off and corrected. As the NICS was being conducted, employees noticed that Galindo had checked no in response to question 11 as shown below.

> Q 11.a. Are you the actual transferee/buyer of the firearm(s) listed on this form?" **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.** *If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.* (Emphasis added).

15. Odessa Camera declined the transfer of the firearm to Galindo based on the following;

> a) Galindo could not identify the firearm he was picking up;
> b) it appeared that Jasso was telling Galindo what to put on the Form 4473;
> c) Galindo inserted the wrong date of birth; and
> d) Galindo stated he was not the actual purchaser of the firearm.

16. The owner of Odessa Camera went to the front counter and explained to Galindo and Jasso several times that he could not transfer the firearm because Galindo was not the actual purchaser. Galindo and Jasso stated they were purchasing the firearm to paint it and display it. Galindo and Jasso left the store together.

17. As Galindo and Jasso were leaving and driving on Tanglewood Street towards 42nd Street, they were pulled over by DPS (Department of Public Safety) for a traffic violation due to a defective brake light. Two ATF Agents arrived at the scene and spoke with Galindo and Jasso. Jasso advised the agents that he was giving Galindo a ride to pick up the firearm as they had been friends since childhood, growing up in Mexico. Galindo stated he had been living in

the United States for about six months and was purchasing the firearm. One of the agents spoke to Galindo in Spanish and explained that there were problems with the form Galindo had filled out and that ATF would be taking possession of the firearm. Galindo understood despite the language barrier and told the agents that he did not want any problems.

18. The agents returned to Odessa Camera and seized the Respondent Firearm, providing the FFL a Receipt for Property. As the agents continued the investigation, they realized the serial number listed on the Form 4473 in box 26 was actually a part number of the firearm rather than the correct serial number 113725.

19. During the traffic stop with Galindo and Jasso, two other agents went to Galindo's address, 531 W. Mable Street. The agents knocked and spoke with the Melendez family residing at the home and the Melendez family stated that Galindo did not live there with them, that Galindo lived with his grandmother in West Odessa, off Flamingo Ave. This was contrary to the address stated on Galindo's identification card and placed on the Form 4473 by Galindo.

20. Agents reviewed Galindo's criminal background and did not find any criminal history that would prohibit him from purchasing a firearm; Jasso's criminal history revealed that he was a convicted felon.

21. On October 28, 2018, an ATF agent interviewed B. Melendez at 513 W. Mable St. Melendez stated that her husband and son live with her at the home and that Galindo has never lived at the address. She further stated that Galindo is a friend of her son and has visited sometimes. B. Melendez states that she did not have any contact information on Galindo.

22. On January 9, 2019, the ATF sent a letter to Galindo with notice of the seizure of the Respondent Firearm and with notice of the ATF's intention to administratively forfeit the Respondent Firearm pursuant to 18 U.S.C. § 924(d). On January 28, 2019, Galindo submitted an

administrative claim to the ATF, contesting the forfeiture of the Respondent Firearm and attesting "under penalty of perjury" his claim. In the claim submitted by Galindo, he provides 9852 W. University Blvd., Odessa, Texas as his address. This is the third address used by Galindo.

23. Galindo was 24 years old at the time he attempted to purchase the $15,000 firearm. Investigation of Galindo's employment records did not establish sufficient income to purchase the Respondent Firearm. In April, 2019, agents conducted interviews with two of Galindo's previous employers. Both employers indicated that Galindo only worked for a couple of months with them and in the paperwork for employment, Galindo listed 531 W. Mable St. as his address.

24. On April 2, 2019, ATF and DPS went back to 531W. Mable St. They spoke with D. Melendez, Jr. who advised that he does not know Galindo and does not know how Galindo would be able to get his address on an identification card. D. Melendez' mother stated that the last time they had seen Galindo was in December 2018, when he came to get his mail.

25. On April 2, 2019, ATF endeavored to conduct an in-person interview with Galindo, but were unsuccessful.

26. Based on the foregoing information, the United States institutes this action to forfeit the Respondent Firearm under 18 U.S.C. § 924(d)(1) as the property constitutes a firearm involved in the knowing violation of Sections 922(a)(6) and 924(a)(1)(A). In other words, the ATF's investigation leads to a reasonable belief that Galindo was not the true purchaser of the Respondent Firearm and further that Galindo made knowing false statements in his attempt to purchase said Respondent Firearm for an unknown person.

## V. PRAYER

WHEREFORE, Plaintiff United States of America prays that due process issue to enforce the forfeiture of the Respondent Firearm, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Respondent Firearm be forfeited to the United States of America, that the Respondent Firearm be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By: _____
FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: 210-384-7026
Fax: 210-384-7045
Email: Fidel.Esparza@usdoj.gov

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

---

[1] Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this Complaint, will be sent to those known to the United States to have an interest in the Respondent Firearm.

## VERIFICATION

ATF Task Force Officer Mitchell Fish declares and says that:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who is assigned to the Lubbock Field Office. I am the investigator responsible for the accuracy of the information provided in this litigation. I am a law enforcement officer empowered by law to conduct investigations and to make seizures and arrests for offenses enumerated for Title 18 of the United States Code.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof. The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18TH day of April, 2019.

*Mitchell Fish* TFO 7154

Mitchell Fish, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives
Lubbock Field Office

**U.S. v. COLT M2 RIFLE, .50 CAL., SN: 113725**

|    | MERCHANT | DATE | AMOUNT |
|----|----------|------|--------|
| 1  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 2  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 3  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 4  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 5  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 6  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 7  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 8  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 9  | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 10 | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 11 | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 12 | Alon Financial Services | 5/21/2018 | $ 500.00 |
| 13 | Western Union | 5/21/2018 | $ 500.00 |
| 14 | Western Union | 5/21/2018 | $ 500.00 |
| 15 | Western Union | 5/21/2018 | $ 500.00 |
| 16 | Western Union | 5/21/2018 | $ 600.00 |
| 17 | Western Union | 5/21/2018 | $ 1,000.00 |
| 18 | Western Union | 5/21/2018 | $ 1,000.00 |
| 19 | Western Union | 5/21/2018 | $ 1,000.00 |
| 20 | Western Union | 5/21/2018 | $ 500.00 |
| 21 | Western Union | 5/22/2018 | $ 500.00 |
| 22 | Western Union | 5/22/2018 | $ 500.00 |
| 23 | Western Union | 5/22/2018 | $ 500.00 |
| 24 | Western Union | 5/22/2018 | $ 400.00 |
| 25 | Alon Financial Services | 5/22/2018 | $ 500.00 |
| 26 | Alon Financial Services | 5/22/2018 | $ 500.00 |
| 27 | Alon Financial Services | 5/22/2018 | $ 500.00 |
|    |          |      | **$ 15,000.00** |

**EXHIBIT A**

JS 44 (Rev. 12/12)                 **CIVIL COVER SHEET**           7:19-CV-105

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
COLT M2 RIFLE, .50 CAL., SN: 113725

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ector County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
Fidel Esparza III, AUSA
601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Secs. 922, 924
Brief description of cause:
Firearms Violations

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 04/18/19      SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|             Plaintiff,   ) | |
|      )  | |
| v.   ) | CIVIL ACTION NO. M-19-CV-105 |
|      )  | |
| **COLT M2 RIFLE, .50 CAL., SN: 113725,**   ) | |
|             Respondent.   ) | |

### NOTICE OF COMPLAINT FOR FORFEITURE

1. On April 18, 2019, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas, against the below-described properties for violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), and subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), namely:

**COLT M2 RIFLE, .50 CAL., SN: 113725**

(hereinafter referred to as the "Respondent Firearm").

2. Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Firearm. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Firearm who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the Court within **35 days after the notice was sent, if delivered by mail**, **or within 35 days of the date of delivery, if notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **21 days** of the Claim being filed.

3. The Claim and Answer must be filed with the Clerk of the Court, 200 E. Wall, Room 222, Midland, TX 79701, and copies of each must be served upon Assistant United States Attorney Fidel Esparza III, Assistant United States Attorney, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, or default and forfeiture will be ordered.  *See* 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5).

4. Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the Complaint.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                 Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. M-19-CV-105 |
| ) | |
| COLT M2 RIFLE, .50 CAL., SN: 113725, ) | |
|                 Respondent. ) | |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

      WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on April 18, 2019, against the following property:

**COLT M2 RIFLE, .50 CAL., SN: 113725**

(hereinafter referred to as "Respondent Firearm"), alleging that the Respondent Firearm is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 924(d) for violations of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), and

      WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Plaintiff United States of America,

      YOU ARE THEREFORE COMMANDED to arrest the Respondent Firearm as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody, or control the Respondent Firearm is presently found, and to use whatever means may be appropriate to protect and maintain the Respondent Firearm in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of

maintaining the care and custody of the Respondent Firearm and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.

                                                    JEANNETTE J. CLACK
                                                    United States District Clerk
                                                    Western District of Texas

By: _____
       Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. M-19-CV-105 |
| ) | |
| COLT M2 RIFLE, .50 CAL., SN: 113725, ) | |
| Respondent. ) | |

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on April 18, 2019, against the following property:

**COLT M2 RIFLE, .50 CAL., SN: 113725**

(hereinafter referred to as "Respondent Firearm"), alleging that the Respondent Firearm is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 924(d) for violations of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A); IT IS THEREFORE

ORDERED that a Warrant for Arrest of Property of Respondent Firearm issue as prayed for, and that the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Firearm and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure, until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Respondent Firearm while in custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Firearm and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE